T.C. Summary Opinion 2001-163

UNITED STATES TAX COURT

ANTHONY L. POOLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3412-00S.                    Filed October 15, 2001.

Anthony L. Poole, pro se.

<u>Amy Dyar Seals</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined deficiencies of $4,141 and $3,046 in

petitioner's Federal income taxes for the years 1997 and 1998, respectively.  This Court must decide:  (1) Whether petitioner is entitled to dependency exemption deductions for his two children for 1997 and to a dependency exemption deduction for his son during 1998; (2) whether petitioner is entitled to file as head of household instead of single for both years; (3) whether petitioner is entitled to the child and dependent care credits for his two children in 1997 and for his son in 1998; and (4) whether petitioner is entitled to the earned income credits for both years.

Petitioner resided in Tarboro, North Carolina, at the time he filed his petition.

During 1997 and 1998, Anthony L. Poole (petitioner) was employed as a warehouse worker.  He reported wages of $16,602 and $14,401, respectively.

Petitioner has two children, Anthony Devon Lyons (Anthony) and Shenika Rene Lyons (Shenika), with Gloria Jones (formerly Lyons).  Petitioner also has two other children, Shajida and Quasidisha, apparently by another woman, and no further mention shall be made of them herein except to note that petitioner provided health insurance for all his children.  Anthony was born on January 30, 1988, and Shenika was born on January 8, 1989.

Petitioner was not married during either year in issue. Petitioner and Ms. Jones have never been married to each other.

During the years in issue, petitioner and Ms. Jones lived in separate residences. Petitioner paid Ms. Jones total child support payments of $1,153.26 and $832.71 during 1997 and 1998, respectively.

Petitioner resided with his mother, Ernestine Poole, in her trailer home during 1997 and 1998. During the years in issue, Ms. Poole received disability payments from the Social Security Administration. Petitioner gave his mother approximately $40 per week for groceries, $80 per month for lot rent at the trailer park, and paid part of the utilities. Petitioner received wages of approximately $250 per week after deducting his child support payments. Petitioner's sister and her two children also lived with Ms. Poole during 1997 and 1998. Petitioner's children stayed with petitioner in the trailer home during part of each year.

On his 1997 Federal income tax return, petitioner claimed Anthony and Shenika as dependents. On the Form 1040A, U.S. Individual Income Tax Return, for 1997, petitioner stated that each child lived in his home for 12 months. He claimed Anthony as a dependent on his 1998 tax return. Petitioner filed as head of household for both tax years. For 1997, he also claimed both children for purposes of the child and dependent care credit and the earned income credit, and stated on the Schedule EIC, Earned Income Credit, that both children lived with him for 12 months.

For 1998, he claimed Anthony for purposes of the child and dependent care credit and earned income credit, and he stated on the Schedule EIC that Anthony lived with him for 12 months.

Respondent determined that petitioner was not entitled to claim Anthony and Shenika as dependents in 1997 and that he was not entitled to claim Anthony as a dependent in 1998, that his filing status was single rather than head of household in both years, and that he was not entitled to the child and dependent care and earned income credits for both years.

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent, as defined in section 152. Section 152(a) provides, in pertinent part, that a dependent includes an individual, such as a son or daughter, over one-half of whose support in the taxable year was from the taxpayer or is treated as received from the taxpayer under section 152(e). Section 152(e) provides special rules for a child of parents who have lived apart for the last 6 months of the calendar year. In that situation, the statute provides that if a child receives over one-half of his or her support from his or her parents, and if the child is in the custody of one or both of his or her parents for more than one-half of the calendar year, then the child is treated for purposes of section 152(a) as receiving over one-half of his or her support during the year from the parent having custody for a greater portion of the calendar year.

Hughes v. Commissioner, T.C. Memo. 2000-143; Brignac v. Commissioner, T.C. Memo. 1999-387. Where neither a decree nor agreement establishes who has custody, "custody" will be deemed to be with the parent who, as between the parents, has the physical custody of the child for the greater portion of the year. Sec. 1.152-4(b), Income Tax Regs.

In determining whether or not an individual received over one-half of his or her support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself or herself supplied. Sec. 1.152-1(a)(2)(i), Income Tax Regs. Support includes food, shelter, clothing, medical and dental care, education, and the like. Id.

To establish that more than one-half of each claimed dependent's support has been provided by petitioner, he must first show by competent evidence the total amount of support for each dependent furnished by all sources during the year in issue. Blanco v. Commissioner, 56 T.C. 512, 514 (1971). Further, petitioner must establish that he provided more than one-half of the total support of each claimed dependent. Secs. 151 and 152.

Petitioner made child support payments to Ms. Jones with respect to Anthony and Shenika of $1,153.26 and $832.71 during 1997 and 1998, respectively. At trial, petitioner testified that

he also maintained health insurance coverage for himself and all his children at a cost of approximately $11 per week. Additionally, petitioner estimated he spent about $300 per year on clothes and shoes for his two children. Petitioner also testified that he provided his children with spending money during their visits with him.

Ms. Jones did not work outside the home during the years in issue. Ms. Jones received public assistance in 1997. In addition to the support payments from petitioner, Ms. Jones received money for both children from two uncles.

Petitioner has not offered any competent evidence of the total amount of support provided for each of the claimed dependents in 1997 and 1998. Petitioner failed to provide any receipts or canceled checks to evidence the payments of any purported expenses. Aside from his testimony and documentation from the Edgecombe County Court as to support payments, petitioner presented no evidence to substantiate that support expenses, such as rent and food, were indeed paid by petitioner.

However, we are satisfied on this record that petitioner and Ms. Jones together provided over one-half of the support of Anthony and Shenika in 1997 and for Anthony in 1998. At trial, petitioner alleged that he did not advise respondent that he "kept" his children "all year round." This is contrary to his statements on his income tax returns. We believe Ms. Jones who

testified that during both years in issue, the children visited petitioner on weekends and "about two or three weeks during the summertime". Otherwise, they lived with Ms. Jones. Obviously, Ms. Jones had physical custody of the children for the greater portion of each year. Sec. 1.152-4(b), Income Tax Regs. Accordingly, we hold that petitioner is not entitled under sections 151(a) and 152(e) to claim Anthony or Shenika as dependents for 1997 and Anthony as a dependent for 1998.

We next consider whether petitioner is entitled to head of household filing status for 1997 and 1998. Respondent determined that petitioner's proper filing status for both tax years at issue is single.

Section 2(b), in relevant part, defines head of household as an unmarried taxpayer who maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode of a person who is an unmarried son or daughter of the taxpayer. Sec. 2(b)(1)(A)(i). We have found that Ms. Jones had physical custody of Anthony and Shenika for the greater portion of each year. Accordingly, we hold that petitioner is not entitled to head of household filing status for either year in issue. Respondent's determination as to this issue is sustained.

We must consider whether petitioner is entitled to credits for child and dependent care expenses in the amounts of $780 in

1997 and $414 in 1998. Respondent disallowed the credit for each year.

Section 21 provides, in part, that an individual who maintains a household which includes as a member one or more qualifying individuals shall be allowed a credit based on the expenses for household services and dependent care services incurred to enable the taxpayer to be gainfully employed. Sec. 21(a) and (b). Section 21(b) defines, in pertinent part, a qualifying individual as a dependent of the taxpayer who is under the age of 13 and with respect to whom the taxpayer is entitled to a dependency exemption deduction under section 151.

We have held that petitioner is not entitled to dependency exemption deductions for his son and daughter in 1997 and for his son in 1998. We sustain respondent's determination and hold that petitioner cannot claim a credit for child and dependent care expenses for either of the years in issue.

Finally, we must consider whether petitioner may claim earned income credits under section 32(a)(1) in the amounts of $2,667 and $1,925 for 1997 and 1998, respectively. Respondent disallowed the earned income credit for each year.

Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A), in relevant part, defines an eligible individual as either (1) an individual who has a qualifying child for the taxable year, or (2) an

individual who does not have a qualifying child for the taxable year, if the individual's principal place of abode is the United States for more than one-half of the taxable year, the individual is at least 25 years of age, and the individual is not a dependent for whom a deduction is allowable under section 151 to another taxpayer. A qualifying child is defined as the taxpayer's son or daughter, under the age of 19, who has the same principal place of abode as the taxpayer for more than one-half of the taxable year. Sec. 32(c)(3).

Both children lived with Ms. Jones during the years in issue. They visited petitioner on weekends and for several weeks in the summers. Petitioner has failed to provide convincing evidence to demonstrate that he provided the principal place of abode for Anthony and Shenika for more than one-half of either of the years 1997 and 1998. Accordingly, petitioner does not have a qualifying child for purposes of the earned income credit for either tax year in issue.

Petitioner is an eligible individual without a qualifying child under section 32(c)(1)(A)(ii). However, section 32(a)(2) limits the amount of the earned income credit allowable to a taxpayer. An eligible individual without a qualifying child is not entitled to an earned income credit in 1997 and 1998 if the individual's adjusted gross income is in excess of $9,700 and $10,030, respectively. Rev. Proc. 96-59, 1996-2 C.B. 392; Rev.

Proc. 97-57, 1997-2 C.B. 584.  Petitioner's adjusted gross income for both 1997 and 1998 exceeds the applicable threshold limitations.  Therefore, petitioner is not eligible for the earned income credits under section 32(a)(2) for 1997 and 1998.

For all the reasons stated, we sustain respondent's determination and hold that petitioner is not eligible for the earned income credit for either of the years 1997 and 1998.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.